UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE B.,[1]<br><br>Plaintiff,<br><br>v.<br><br>MARTIN O'MALLEY,[2]<br><br>Defendant. | Case No. 23-cv-02178-JST<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: ECF Nos. 15, 19 |

Plaintiff Jacqueline B. seeks judicial review of the Social Security Administration Commissioner's ("Commissioner") denial of her application for disability benefits pursuant to 42 U.S.C. § 405(g). Before the Court are the parties' cross motions for summary judgment. ECF Nos 15, 19. The Court will grant Plaintiff's motion and deny Defendant's motion.

**I.    BACKGROUND**

Plaintiff was born on September 25, 1998, and lives in San Mateo, California. Administrative Record ("AR") 56, 345. Plaintiff completed high school through special education. AR 47, 206. Plaintiff has a history of short-term memory loss after contracting West Nile Virus at the age of six. AR 303, 304, 309, 344, 419, 424, 551. She also incurred post-traumatic stress disorder ("PTSD") as a result of suffering sexual abuse as a child, witnessing her brother's death, and a recent sexual assault. AR 344, 419, 483. As of June 2021, she has been living with her aunt and uncle, but previously experienced homelessness. AR 180, 392.

---

[1] The Court partially redacts Plaintiff's name to address privacy concerns, as suggested by the Committee on Court Administration and Case Management of the Judicial Conference of the United States.
[2] Martin O'Malley became the Commission of Social Security on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin O'Malley is substituted as the defendant in this suit.

Plaintiff filed an application for benefits under Title XVI of the Social Security on November 17, 2020, claiming a disability onset date of October 1, 2019. AR 15. Her application for disability benefits is based upon alleged impairments of PTSD and short-term memory loss. AR 57. Her claim was initially denied on March 18, 2021, and then again upon reconsideration on August 26, 2021. AR 15. Thereafter, Plaintiff filed a written request for hearing, which was held on January 11, 2022. *Id*. On February 22, 2022, the ALJ issued a decision denying Plaintiff's application. AR 15–24. In reaching this decision, the ALJ used the five-step sequential evaluation process for disability determinations required by SSA regulations. 20 C.F.R. § 416.920(a)(1). The ALJ found at the first step that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. AR 17; *see* 20 C.F.R. § 416.920(a)(4)(i). At the second step, the ALJ found that Plaintiff had two severe impairments: borderline intellectual functioning and post-traumatic stress disorder ("PTSD"). AR 17; *see* 20 C.F.R. § 416.920(a)(4)(ii). At the third step, the ALJ found that Plaintiff did not have an impairment that meets or medically equals the severity of one of the impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1, so proceeded to step four. AR 17–19; *see* 20 C.F.R. § 416.920(a)(4)(iii). At the fourth step, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with several limitations:

> The claimant is capable of understanding and remembering work locations and procedures of a simple, routine nature, involving one to two step job tasks and instructions. The claimant is able to maintain concentration and attention for two-hour increments. The claimant is able to relate to and accept direction from supervisors. The claimant is able to remain socially appropriate with coworkers and the public without being distracted by them. The claimant would do best in a low stress work environment with few workplace changes and decisionmaking.

AR 19. Based on this determination, the ALJ found at step five, that there were jobs that exist in significant numbers in the national economy that Plaintiff could perform: cleaner, hand packager, and kitchen helper. AR 23; *see* 20 C.F.R. § 416.920(a)(4)(v).

The Appeals Council denied Plaintiff's request for review on March 14, 2023. AR 1. Plaintiff then filed this action seeking judicial review of the Commissioner's decision. ECF No. 1.

**II.    JURISDICTION**

This Court has jurisdiction to review final decisions of the SSA Commissioner pursuant to 42 U.S.C. § 405(g).

**III.   LEGAL STANDARD**

"The Court may set aside a denial of benefits only if not supported by substantial evidence in the record or if it is based on legal error." *Merrill ex rel. Merrill v. Apfel*, 224 F.3d 1083, 1084–85 (9th Cir. 2000); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive.") "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). It is "more than a scintilla but less than a preponderance." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (quotation marks and citation omitted). The Court "review[s] the administrative record in its entire[ty] to decide whether substantial evidence to support the ALJ's decision exists, weighing evidence that supports and evidence that detracts from the ALJ's determination." *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Where evidence exists to support more than one rational interpretation, the Court must defer to the decision of the ALJ." *Id.* at 1258. The ALJ is responsible for determinations of credibility, resolution of conflicts in medical testimony, and resolution of all other ambiguities. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). Additionally, courts "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." *Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001). "Even when the ALJ commits legal error, [courts] uphold the decision where that error is harmless, meaning that it is inconsequential to the ultimate nondisability determination, or that, despite the legal error, the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (quotation marks and citation omitted).

**IV.    DISCUSSION**

Plaintiff argues the Court should grant summary judgment in her favor because the ALJ's decision is not supported by substantial evidence and is based on legal error. ECF No. 15-1.

3

Specifically, she claims the ALJ erred by failing to: (1) adequately develop the record; (2) consider whether her short-term memory loss constituted a severe impairment at step two; (3) provide specific, clear, and convincing reasons for finding Plaintiff not credible; (4) provide a complete hypothetical to the VE; and (5) perform the SSA drug abuse analysis.

### A. Credibility Determination

#### 1. Adverse Credibility Based on Medical Reports

"To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must undergo a two-step analysis." *Lingenfelter v. Astrue,* 504 F.3d 1028, 1035–36. "First the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* (quotation marks and citations omitted). "If the claimant satisfies the first step of this analysis, and there is no evidence of malingering, the 'ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). This requires the ALJ identify "which testimony she [finds] not credible, and . . . which evidence contradict[s] that testimony." *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015).

Here, the ALJ found that the first step of the credibility analysis was satisfied because Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." AR 20. At step two, the ALJ found that Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." *Id.* This boilerplate language, without any specific reference to the testimony the ALJ found to be not credible and why, does not meet the clear and convincing standard. *See Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020) (quoting *Treichler Comm'r of Soc. Sec. Admin,*, 775 F.3d 1090, 1103 (9th Cir. 2014)) ("This requires the ALJ to specifically identify the testimony from a claimant she or he finds not be credible and … explain what evidence undermines that testimony.") While the ALJ did go on to provide a detailed overview of the medical evidence, "providing a summary of

4

medical evidence … is not the same as providing clear and convincing reasons for finding a claimant's symptom testimony not credible." *Brown-Hunter,* 806 F.3d at 494. Because the ALJ failed to specifically identify "which testimony she found not credible and . . . which evidence contradict[s] that testimony" she failed to meet the "clear and convincing" standard. *Id.*

### 2. Adverse Credibility Based Upon Activities of Daily Living

An ALJ may come to an adverse credibility determination based on activities of daily living when they contradict the claimant's other testimony or meet the threshold for transferable work skills. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). Such a determination must also meet the clear and convincing standard. *Garrison,* 759 F.3d at 1016. The Ninth Circuit has recognized that "disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations" and thus "only if her level of activity were inconsistent with a claimant's claimed limitations would these activities have any bearing on her credibility." *Id.* (quoting *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998)).

The ALJ discredited Plaintiff's characterization of her symptoms because she "manage[s] her money," "attends to her personal hygiene," "prepares simple meals," "performs light household chores," and "uses public transportation and shops." AR 20. But this mischaracterizes the record. When asked about taking the bus and going somewhere new, Plaintiff stated that she usually doesn't go places alone and will go with family members. AR 39. Similarly, she testified that she doesn't do her own grocery shopping. AR 41. With regard to managing her money, she stated that she's tried managing her bills but is not very good at it, so it is her aunt and uncle who pay for things like her phone bill. AR 38–39. Accordingly, "to the extent the ALJ relied on [Plaintiff's] activities of daily living as a reason to discount her credibility as to the intensity, persistence, and limiting effects of [her] condition, that reliance was not supported by clear and convincing reasons." *Smith v. Berryhill*, No. 18-cv-00887-VKD, 2019 WL 4848165, at *21 (N.D. Cal. Sept. 30, 2019); *see also Normalya T. v. Kijakazi*, No. 22-cv-02691-JST, 2023 WL 4109574, at *3 (N.D. Cal. June 30, 2023) ("An ALJ necessarily fails to provide clear and convincing reasons for rejecting a claimant's testimony when those reasons rest on mischaracterizations of the record."). Further, that Plaintiff could participate in some daily activities, such as attending to her

5

personal hygiene and performing light housework "does not contradict the evidence of otherwise severe problems that she encounter[s]." *Diedrich v. Berryhill*, 874 F.3d 634, 643 (9th Cir. 2017); *see also Smolen*, 80 F.3d at 1284 n.7 ("The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities may not be easily transferable to a work environment where it might be impossible to rest periodically or take medication.").[3]

### B. Remand

A Court may remand a case to the ALJ with instructions to award benefits when three requirements are met: "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1019. However, even when those requirements are met courts should remand for further proceedings when "the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* at 1021.

The requirements for remand for an award of benefits are met in this case. The record is fully developed and for the reasons stated above the ALJ failed to provide legally sufficient reasons for rejecting Plaintiff's statements concerning the severity of her symptoms. If this improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. Plaintiff described how she suffers from short-term memory loss and has difficulty staying on task without reminders. AR 36 ("It's really hard to maintain the task and remember all the tasks that I have to do. So I need reminders quite frequently."); AR 37, 45–46. This is corroborated by the medical evidence. AR 86 (evaluation from state agency consultant Susan M. South, Psy, D., opining claimant's "combination of symptoms would interfere with her ability to sustain a pace which would be reasonable in a competitive workplace."); AR 344 ("able

---

[3] Because the Court finds remand appropriate on this ground it declines to reach Plaintiff's remaining arguments. ECF No. 15-1 at 6–7.

to remember 3/3 items immediately and 0/3 within three minutes."); AR 348 ("memory function revealed deficits."). The VE testified that there would be no jobs available for an individual of the same age, education, and work experience of Plaintiff, with the non-exertional limitations found by the ALJ, who needed daily reminders to accomplish job tasks. AR 50–51. He further testified that there would be no jobs available for someone who would be off task more than 15 percent of the workday. AR. 51. Accordingly, if the ALJ had not improperly discredited Plaintiff's statements concerning the severity of her symptoms, she would have been required to find her disabled and the record leaves the Court with "no serious doubt as to whether [Plaintiff] is, in fact, disabled within the meaning of the Social Security Act." *Garrison*, 759 F.3d at 1020–21.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is granted and the Commissioner's cross-motion for summary judgment is denied. The Court hereby remands this case for an immediate calculation and payment of benefits.

**IT IS SO ORDERED.**

Dated: April 23, 2024



_____
JON S. TIGAR
United States District Judge

7